Dear Mr. Clark:
Our office received an opinion request from you concerning a proposed amendment to the Charter for the City of St. Martinville. Pursuant to La.R.S. 33:1181, you submitted the proposed amendment to our office for an opinion as to whether or not the amendment should be approved by the governor.
The City of Plaquemine has presented the following documentation to the Governor's Office:
 1. A certified copy of the Amendment of Charter Ordinance 09-01 of the City of St. Martinville;
 2. A Certification of Advertisement for three weeks in the Teche News, the official journal of St. Martin Parish; and
 3. A certification from Penny Granger, the Secretary for the City of St. Martinville, dated October 12, 2009, that no opposition has been filed in regard to the amendment embodied in said ordinance within thirty days from the last publication of the amendment on September 9, 2009.
According to information provided to us, St. Martinville is a municipality existing prior to July 29, 1898 having a population of two hundred thousand or less, which does not come under the provisions of Part I of Chapter 2 of Title 33.[1]
The amendment to the City Charter proposed by Ordinance 09-01 raises the salaries of Councilmembers from $600.00 per month to $783.08 per month for each *Page 2 
Councilmember, and the salary of the Mayor from $4,375.00 per month to $4,946.92 per month. Additionally, the changes are not to take effect until the beginning of the next term for each of the Councilmembers and Mayor.
Article II, Paragraph 9 of the Charter for the City of St. Martinville currently provides for the salary of the Councilmembers to be $600.00 per month and the salary of the Mayor to be $4,375.00 per month. Thus, a change to the salaries of Councilmembers and the Mayor may only be accomplished by following the procedures for amending the City Charter. As a consequence, to amend the Charter for the City of St. Martinville, as proposed by Ordinance 09-01, this office has determined that La.R.S. 33:1181 must be followed. This statute provides that:
 When a municipality existing prior to July 29, 1898, and having a population of two hundred thousand or less, which has not come under the provisions of Part I of Chapter 2 of this Title, desires to amend its charter, the same may be done in this way: The municipal governing body may prepare, in writing, the desired amendments, have the same published for three weeks in a newspaper published in the municipality, if there be one, and, if none, then by posting for said time in at least three public places therein; the proposed amendments shall then be submitted to the governor, who shall submit them to the Attorney General for his opinion. If the Attorney General is of the opinion that the proposed amendments are consistent with the constitution and laws of the United States and of this state, including Part I of Chapter 2 of this Title, the Governor shall approve the proposed amendments. If, within thirty days after publication, one-tenth of the electors of the municipality protest against any proposed amendment, the Governor shall not approve the amendment protested against until it is submitted to and ratified by a majority of the electors of the municipality at an election held within sixty days after the protest has been made.
 Amendments, when approved by the Governor, shall be recorded at the expense of the municipality, in the office of the Secretary of State and upon the records of the municipal governing body, and, when so recorded, shall have the force and effect of law.
La.R.S. 33:1181.
The documentation provided to your office by the City, copies of which were provided to this office, establishes compliance with the local approval and publication requirements of La.R.S. 33:1181. As thirty days have passed since the required publications, and no objections to the proposed charter change have been received, this office must now determine whether "the proposed amendments are consistent with the constitution and laws of the United States and of this state . . ." La.R.S. 33:1181. *Page 3 
Ordinance 09-01 provides for changes to the salaries of the Councilmembers and the Mayor, both of which are not to take effect until the next term. You have submitted this proposed amendment to our office to determine whether it is consistent with the constitution and laws of the United States and this state, including Part I of Chapter 2 of Title 33. With regard to compliance with the Lawrason Act (Part I of Chapter 2 of Title 33), La.R.S. 33:404.1 permits the governing authority to increase the compensation of elected municipal officers. Our office has previously found an amendment to the Charter of the City of St. Martinville proposed in 1998 to increase the salary of the Mayor complied with the constitution and laws of the United States and this state. La. Atty. Gen. Op. No. 98-289.
It is the opinion of this office that the City of St. Martinville has complied with the provisions of La.R.S. 33:1181, and that the proposed amendment to the charter of the City of St. Martinville complies with the constitution and laws of the United States and the State of Louisiana, including Part I of Chapter 2 of Title 33, and should therefore be approved by the governor.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By: __________________________ Emalie A. Boyce Assistant Attorney General
 JDC: EAB
[1] Please note that Part I of Chapter 2 of Title 33 is commonly known as the Lawrason Act. The City of St. Martinville is governed by a special legislative charter. Consistent with La.R.S. 33:321, St. Martinville does not operate under Part I of Chapter 2 of Title 33.